UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENDRA GREENWALD** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-2371** |
| **LATOYA CANTRELL ET AL.** | **SECTION "H"** |

### ORDER AND REASONS

Before the Court are Defendants Attorney General Jeffrey Landry; Deputy Superintendent of Louisiana State Police Chris Eskew; Secretary of the Louisiana Department of Public Safety and Corrections James M. LeBlanc; and Superintendent of Louisiana State Police Lamar Davis's Motion to Stay Pending Appeal (Doc. 72); Motion for Extension of Time to Answer (Doc. 88); and Motion to Strike (Doc. 87); and Defendants Mayor of New Orleans Latoya Cantrell and Superintendent of New Orleans Police Department Michelle Woodfork's Motion to Dismiss (Doc. 90). For the following reasons, the Motion for Extension of Time to Answer is **GRANTED**, and all other Motions are **DENIED**.

1

## BACKGROUND

In 2012, Plaintiff Kendra Greenwald was convicted of a sex offense and subsequently required to comply with the registration and notification mandates described in Louisiana's Sex Offender Registration and Notification Act (SORNA). Plaintiff suffers from a seizure disorder that has become worse over time, caused brain damage that has diminished her intellectual ability, and caused short-term and long-term memory loss. Plaintiff alleges that her intellectual disability prevents her from complying with the onerous registration requirements of SORNA. Plaintiff has been arrested at least seven times for failing to comply with the requirements of SORNA. After her fourth arrest in July 2015 for failure to comply with the requirements of SORNA, the court ordered a competency evaluation and found Plaintiff to be an "unrestorable incompetent." Thereafter, Plaintiff was arrested three more times for failure to comply with SORNA and held in jail for several days each time.

Plaintiff now brings this suit in an effort to put an end to the ongoing cycle of arrest, imprisonment, release, and rearrest. Plaintiff initially brought § 1983 claims for violations of her procedural and substantive due process rights under the Fifth and Fourteenth Amendments and violation of the Eighth Amendment's prohibition on cruel and unusual punishment against various state and city officials in their official capacities, including Attorney General Jeffrey Landry; Deputy Superintendent of Louisiana State Police

Chris Eskew;[1] Secretary of the Louisiana Department of Public Safety and Corrections James M. LeBlanc; Superintendent of Louisiana State Police Lamar Davis[2] (collectively, the "State Defendants"); Mayor of New Orleans Latoya Cantrell and Chief of New Orleans Police Department ("NOPD") Shaun Ferguson (collectively, the "City Defendants"). On Defendants' Motions to Dismiss, this Court dismissed with prejudice Plaintiff's claims for nominal damages and her claims under § 1983 for Eighth Amendment violations, holding that SORNA is non-punitive on its face. The Court dismissed without prejudice Plaintiff's claims under § 1983 for Procedural Due Process violations, holding that she had not alleged what alternative or substitute process is necessary to satisfy her procedural due process rights. Plaintiff's claims against Mayor of New Orleans Latoya Cantrell and Chief of New Orleans Police Department Shaun Ferguson for *Monell* liability were also dismissed without prejudice for failure to allege a policy or custom of the NOPD. Plaintiff's substantive due process claims survived. The Court granted Plaintiff leave to amend her Complaint to the extent that she could remedy the deficiencies identified in the Court's Order.

    Thereafter, Plaintiff filed an Amended Complaint, realleging her claims for procedural and substantive due process and Eighth Amendment violations and adding a claim under the Americans with Disabilities Act ("ADA"). The State Defendants took an interlocutory appeal of the Court's failure to dismiss

---

[1] In her Complaint, Plaintiff named former Deputy Superintendent of the Louisiana State Police Layne Barnum, who has since retired. Col. Chris Eskew was automatedly substituted as a party.

[2] In her Complaint, Plaintiff named former Superintendent of the Louisiana State Police Kevin Reeves, who has since retired. Col. Lamar Davis was automatedly substituted as a party.

Plaintiff's substantive due process claim on *Heck v. Humphrey* or sovereign immunity grounds. The State Defendants also moved to stay these proceedings pending this appeal, for an extension of time to answer Plaintiff's Amended Complaint, and to strike the new claims added in Plaintiff's Amended Complaint. The City Defendants have moved to dismiss Plaintiff's Amended Complaint.[3] The Court will consider each Motion in turn.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[4] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[6] The court need not, however, accept as true legal conclusions couched as factual allegations.[7] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[8] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[9] The court's review is limited to the

---

[3] Plaintiff's Amended Complaint substitutes Chief of NOPD Shaun Ferguson with his successor Superintendent of NOPD Michelle Woodfork.
[4] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[5] *Id.*
[6] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[7] *Iqbal*, 556 U.S. at 678.
[8] *Id.*
[9] *Lormand*, 565 F.3d at 255–57.

complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[10]

## LAW AND ANALYSIS

### A. Motion to Stay Pending Appeal

The State Defendants move to stay this action pending their interlocutory appeal of this Court's denial of their Motion to Dismiss Plaintiff's substantive due process claims. "The standards governing the issuance of stays are well established."[11] Courts have long recognized four factors to consider when determining whether a stay should be granted: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[12]  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [judicial] discretion."[13] Ultimately, "a stay is not a matter of right, even if irreparable injury might otherwise result."[14]

As Plaintiff points out, the State Defendants have not offered any argument on any of the four factors required to obtain a stay pending appeal. Defendants have not set forth their arguments on appeal or why they are likely

---

[10] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).
[11] Voting for Am., Inc. v. Andrade, 488 Fed. App'x 890, 905 (5th Cir. 2012) (Dennis, J. dissenting).
[12] Nken v. Holder, 556 U.S. 418, 434 (2009).
[13] *Id.* at 433–34 (citations omitted).
[14] *Id.* (citing Virginian R. Co. v. United States, 272 U.S. 658, 672 (1926)).

to succeed. They have not identified any injury they will suffer if this matter is not stayed. The only justification Defendants offer for staying this matter pending appeal is to avoid piecemeal litigation, but they do not offer any case law suggesting that this concern alone is a sufficient justification for a stay. Accordingly, Defendants' Motion to Stay is **DENIED**.

### B. Motion to Strike Amended Complaint

Next, the State Defendants move to strike the Plaintiff's Amended Complaint. In its decision on Defendants' Motions to Dismiss, this Court allowed Plaintiff an opportunity to amend her Complaint "to the extent that she can remedy the deficiencies identified herein."[15] Defendants complain, however, that in amending her Complaint Plaintiff, without receiving leave of court, added a new claim under the ADA.[16] Defendants argue that Plaintiff's failure to receive leave from the Court or the consent of Defendants before amending her Complaint violates Federal Rule of Civil Procedure 7. Even assuming Plaintiff's Amended Complaint is outside the scope of this Court's Order and violates Rule 7, this Court finds no prejudice in allowing Plaintiff to add new claims or theories arising out of the same set of facts. Pursuant to Rule 15, the Court should "freely give leave [to amend] when justice so requires."[17] Accordingly, Defendants' Motion to Strike is **DENIED**.

---

[15] Doc. 69.

[16] The State Defendants also complain that Plaintiff's Amended Complaint reasserts her Eighth Amendment claim that had been dismissed with prejudice by this Court. As discussed below, however, Plaintiff contends that she has only included this claim in her Amended Complaint to preserve it for appeal, and she does not intend to challenge that ruling at this time. Accordingly, Plaintiff's Eighth Amendment claim remains dismissed with prejudice.

[17] *See* Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597–98 (5th Cir. 1981) ("In our review of the trial court's exercise of discretion, rule 15(a), of course, provides the starting

### C. Motion for Extension of Time to Answer

Finally, the State Defendants move for an extension of their time to file responsive pleadings in light of their pending Motion to Stay Pending Appeal and Motion to Strike Plaintiff's Amended Complaint. Having resolved those Motions, Defendants' Motion is **GRANTED**, and the State Defendants shall file responsive pleadings within 14 days of the entry of this Order.

### D. The City Defendants' Motion to Dismiss

The City Defendants move to dismiss Plaintiff's claims against them for failure to state a claim. This Court will consider each claim in turn.

#### 1. *Monell* Liability

The City Defendants argue that Plaintiff's Amended Complaint still fails to allege facts sufficient to state a claim against them pursuant to *Monell v. Department of Social Services*.[18] Under *Monell*, a plaintiff asserting a § 1983 claim against a municipality must show "(1) the existence of an official policy or custom, (2) a policymaker's actual or constructive knowledge of the policy or custom, and (3) a constitutional violation where the policy or custom is the 'moving force.'"[19] This Court initially dismissed this claim without prejudice,

---

point. 'Discretion' may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires'. It evinces a bias in favor of granting leave to amend. The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." (internal citations omitted)).

[18] 436 U.S. 658 (1978).

[19] Pudas v. St. Tammany Par., No. CV 18-10052, 2019 WL 2410939, at *3 (E.D. La. June 7, 2019) (quoting Valle v. City of Houston, 613 F.3d 536, 541–42 (5th Cir. 2010)).

holding that Plaintiff's Complaint did not allege any policy or custom that is the moving force behind the alleged constitutional violation.

Plaintiff's Amended Complaint adds allegations that NOPD has a policy or practice of arresting individuals for failure to comply with SORNA regardless of their intellectual capabilities or the State's ability to prosecute them for noncompliance. She points out that the decision to arrest is within the NOPD's discretion. She alleges that NOPD has a policy of abstaining from arresting indigent individuals subject to SORNA, as long as they are working toward compliance. By contrast, she argues that the NOPD has a policy of *not* exercising its discretion to abstain from arresting individuals with intellectual disabilities who are subject to the requirements of SORNA.

The City Defendants argue that these allegations are still insufficient to maintain a § 1983 *Monell* claim against them.[20] However, they primarily complain that Plaintiff's allegations lack "factual support" or argue that they have defenses to the allegations. Neither argument is appropriate at the Motion to Dismiss stage.

The City Defendants also argue that Plaintiff cannot show that the alleged policy was the moving force behind the constitutional violation where her primary complaint is with the requirements of SORNA, which is not a policy promulgated by the City of New Orleans. In support of this argument, Defendants rely on the Fifth Circuit's opinion in *Rayborn v. Bossier Parish*

---

[20] The City Defendants also argue that the *Monell* claims against them should be dismissed because Woodfork and Cantrell did not have any personal involvement in the alleged constitutional violations. Personal involvement is only required for claims brought in the individual capacity. Marceaux v. Lafayette City-Par. Consol. Gov't, 921 F. Supp. 2d 605, 622 (W.D. La. 2013). Here, Plaintiff only brings claims against Woodfork and Cantrell in their official capacities.

*School Board* in which the plaintiff claimed the school board was liable for violating Louisiana's whistleblower law and under § 1983 for First Amendment retaliation.[21] The Fifth Circuit affirmed the dismissal of the plaintiff's whistleblower act claim where she failed to show an adverse employment action and her *Monell* claim where her policy allegations amounted to nothing "more than an isolated incident by municipal employees."[22] Confusingly, Defendants allege that *Rayborn* stands for the proposition that "a state statute cannot act as a vehicle to impose liability on the City."[23] But the *Rayborn* court did not reach such a holding or even address such a question. Further, Plaintiff does not allege that the City Defendants should be liable for the contents of SORNA. Rather, she alleges that the City Defendants should be liable for the NOPD's policy of failing to allow discretion in arresting individuals for failure to comply with SORNA when their mental disabilities render them incapable of complying therewith. Without finding Plaintiff's allegations sufficient to state a *Monell* claim, this Court holds that none of the arguments set forth by the City Defendants are sufficient to warrant its dismissal.

### 2. Eighth Amendment Claim

Plaintiff's Amended Complaint realleges her claim for violations under the Eighth Amendment. In considering Defendants' initial Motions to Dismiss, this claim was dismissed with prejudice. Plaintiff contends that she has only included this claim in her Amended Complaint to preserve it for appeal, and

---

[21] Rayborn v. Bossier Par. Sch. Bd., 881 F.3d 409, 417 (5th Cir. 2018).
[22] *Id.*
[23] Doc. 90.

she does not intend to challenge that ruling at this time. Accordingly, Plaintiff's Eighth Amendment claims remain dismissed with prejudice.

### 3. ADA Claim

Finally, Plaintiff's Amended Complaint adds a claim that Defendants have refused to make reasonable accommodations available to her in violation of the ADA. Specifically, she alleges that SORNA is a "service, program, or activity" under the ADA and that Defendants have not make reasonable modifications or accommodations to allow her, a woman with intellectual disabilities, to comply with the SORNA registry requirements. To state a claim under under Title II of the ADA, a plaintiff must allege: "(1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability."[24] The City Defendants argue that Plaintiff has failed to state an ADA claim for several reasons.

First, the City Defendants argue that because Plaintiff's Amended Complaint alleges that she has been able to maintain compliance with SORNA for several years with the assistance of others, then she has established that she can comply with SORNA despite her disability. It is well-settled though that a public entity cannot force a person to rely on the assistance of others for

---

[24] Hale v. King, 642 F.3d 492, 499 (5th Cir. 2011).

10

access to a service that the public entity is responsible for providing.[25] "Lack of meaningful access is itself the harm under Title II."[26]

Next, the City Defendants suggest that Plaintiff's request for accommodation is not reasonable where it would put the onus for compliance with SORNA on the City, not Plaintiff. However, Plaintiff "does not need to prove the reasonableness of [her] accommodation request in order to survive a motion to dismiss."[27] Accordingly, this argument too fails.

Finally, the City Defendants argue that Plaintiff's ADA claim should be dismissed because Plaintiff has failed to plead any request for a specific accommodation and a subsequent refusal from the NOPD. Similarly, they argue that there is no allegation that the City has created any barrier to prevent her from compliance. On the contrary, Plaintiff's Amended Complaint alleges that she, through her attorney, asked counsel for the City Defendants for assistance in complying with SORNA registration requirements. Counsel for the City Defendants replied that the City does not assist the public in registering for the sex offender registry, cannot help Plaintiff, and cannot protect her from the consequences of failing to register. It is well-settled that "a plaintiff need not request, or even know, the particular reasonable accommodation [s]he ultimately requires. That judgment 'is best determined through a flexible, interactive process' involving both the plaintiff and the

---

[25] Luke v. Texas, 46 F.4th 301, 307 (5th Cir. 2022) ("[P]ublic entities cannot force a disabled person's family member to provide the interpretation services for which the entity is responsible."); 28 C.F.R. § 35.160(c)(2) ("A public entity shall not rely on an adult accompanying an individual with a disability to interpret or facilitate communication . . .").

[26] *Luke*, 46 F.4th at 306.

[27] Falls v. Hous. Auth. of Jefferson Par., No. CV 15-6501, 2016 WL 1366389, at *6 (E.D. La. Apr. 6, 2016).

public entity."[28] The City Defendants do not cite to any case law suggesting that Plaintiff's allegations are insufficient to state a claim. Accordingly, none of the City Defendant's arguments warrant the dismissal of Plaintiff's ADA claim. The City Defendants' Motion to Dismiss is **DENIED**.

## CONCLUSION

For the foregoing reasons, the State Defendants' Motion for Extension of Time to Answer is **GRANTED**, and they shall have 14 days from the entry of this Order to file responsive pleadings to Plaintiff's Amended Complaint. Defendants' other motions are **DENIED**.

New Orleans, Louisiana this 21st day of December, 2023.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[28] Doe v. Texas A&M Univ., 634 F. Supp. 3d 365, 382 (S.D. Tex. 2022).