UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENDRA GREENWALD** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-2371** |
| **LATOYA CANTRELL ET AL.** | **SECTION "H"** |

### ORDER AND REASONS

Before the Court is Plaintiff's Motion to Strike the State Defendants' Successive Rule 12 Motion (Doc. 112). For the following reasons, the Motion is **DENIED**.

### BACKGROUND

In 2012, Plaintiff Kendra Greenwald was convicted of a sex offense and subsequently required to comply with the registration and notification mandates described in Louisiana's Sex Offender Registration and Notification Act (SORNA). Plaintiff suffers from a seizure disorder that has become worse over time, caused brain damage that has diminished her intellectual ability, and caused short-term and long-term memory loss. Plaintiff alleges that her intellectual disability prevents her from complying with the onerous registration requirements of SORNA. Plaintiff has been arrested at least seven

1

times for failing to comply with the requirements of SORNA. After her fourth arrest in July 2015 for failure to comply with the requirements of SORNA, the court ordered a competency evaluation and found Plaintiff to be an "unrestorable incompetent." Thereafter, Plaintiff was arrested three more times for failure to comply with SORNA and held in jail for several days each time.

Plaintiff now brings this suit in an effort to put an end to the ongoing cycle of arrest, imprisonment, release, and rearrest. Plaintiff initially brought § 1983 claims for violations of her procedural and substantive due process rights under the Fifth and Fourteenth Amendments and violation of the Eighth Amendment's prohibition on cruel and unusual punishment against various state and city officials in their official capacities, including Attorney General Liz Murrill;[1] Deputy Superintendent of Louisiana State Police Chris Eskew;[2] Secretary of the Louisiana Department of Public Safety and Corrections James M. LeBlanc; Superintendent of Louisiana State Police Robert Hodges[3] (collectively, the "State Defendants"); Mayor of New Orleans Latoya Cantrell and Chief of New Orleans Police Department ("NOPD") Michelle Woodfork[4] (collectively, the "City Defendants"). On Defendants'

---

[1] In her Complaint, Plaintiff named Attorney General Jeffrey Landry. Liz Murrill has since been inaugurated as Attorney General and is automatically substituted as a party.

[2] In her Complaint, Plaintiff named former Deputy Superintendent of the Louisiana State Police Layne Barnum, who has since retired. Col. Chris Eskew was automatedly substituted as a party.

[3] In her Complaint, Plaintiff named former Superintendent of the Louisiana State Police Kevin Reeves, who has since retired. Major Robert Hodges was automatedly substituted as a party.

[4] Plaintiff's Amended Complaint substitutes Chief of NOPD Shaun Ferguson with his successor Superintendent of NOPD Michelle Woodfork.

Motions to Dismiss, this Court dismissed with prejudice Plaintiff's claims for nominal damages and her claims under § 1983 for Eighth Amendment violations, holding that SORNA is non-punitive on its face. The Court dismissed without prejudice Plaintiff's claims under § 1983 for Procedural Due Process violations, holding that she had not alleged what alternative or substitute process is necessary to satisfy her procedural due process rights. Plaintiff's substantive due process claims survived. The Court granted Plaintiff leave to amend her Complaint to the extent that she could remedy the deficiencies identified in the Court's Order.

The State Defendants took an interlocutory appeal of the Court's failure to dismiss Plaintiff's substantive due process claim on *Heck v. Humphrey* or sovereign immunity grounds.

Thereafter, Plaintiff filed an Amended Complaint, realleging her claims for procedural and substantive due process and Eighth Amendment violations and adding a claim under the Americans with Disabilities Act ("ADA"). The State Defendants moved to strike the new ADA claim added in Plaintiff's Amended Complaint. The City Defendants moved to dismiss Plaintiff's Amended Complaint on Rule 12(b)(6) grounds. The Court considered and denied these motions.[5] The Court also ordered the State Defendants to file responsive pleadings to Plaintiff's Amended Complaint within 14 days of the denial of their Motion to Strike.

In response, the State Defendants filed a Motion to Dismiss on Rule 12(b)(6) and 12(b)(1) grounds.[6] Plaintiff now moves to strike the State

---

[5] Doc. 98.
[6] Doc. 104.

Defendants' Motion to Dismiss, arguing that it is a successive Rule 12 Motion. The State Defendants oppose.

## **LAW AND ANALYSIS**

Plaintiff argues that the State Defendants' second Rule 12 Motion is improper pursuant to Rule 12(g)(2). Rule 12(g)(2) provides that: "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."[7] Rule 12(h)(2) provides that a motion based on the failure to state a claim upon which relief can be granted may be brought in a pleading allowed under Rule 7(a), a motion under Rule 12(c), or at trial.[8] Rule 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial."[9] Here, the State Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6) and 12(b)(1), and therefore their Motion does not fall within Rule 12(h)(2)'s exception to Rule 12(g)'s consolidation requirement. Further, the State Defendants have not filed an answer and the pleadings are not closed, making a Rule 12(c) Motion improper at this stage. Accordingly, by the plain language of Rule 12, the State Defendants' successive Rule 12 Motion is improper.

---

[7] FED. R. CIV. PRO. 12(g)(2).
[8] *Id.* 12(h)(2).
[9] *Id.* 12(c).

The Fifth Circuit, however, has expressly held otherwise.[10] In *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, the Fifth Circuit expressly held that "Rule 12(h)(2) explicitly excepts from the consolidation requirement motions based on the defense of failure to state a claim upon which relief can be granted."[11] It later confirmed that the holding in *Belo* was not based on any unique or particular procedural circumstance in that case. "[W]e said simply that Rule 12(h)(2) allows the filing of a second motion" based on Rule 12(b)(6) grounds.[12] Accordingly, this Court is bound by that holding and finds that Defendants' second Rule 12 Motion based on the failure to state a claim is not improper.[13] Further, the Court notes that "a hyper-technical interpretation of the rules resulting in disallowance of the Defendants' [successive] 12(b)(6) motion . . . would almost assuredly add time and delay because the Defendants will most likely raise the argument later."[14]

---

[10] *See* Aziz v. MMR Grp., Inc., 530 F. Supp. 3d 644, 649 (M.D. La. 2019) ("Plaintiff asks the Court to ignore MMR's motion because MMR has already filed a motion to dismiss and did not raise in that motion a failure-to-state-a-claim defense. The argument finds support in the text of Federal Rule of Civil Procedure 12 but not in precedent.").

[11] 512 F.3d 137, 141 (5th Cir. 2007); *see also* Standfield v. St. Ann Lodging, LLC, No. CV 18-1555, 2019 WL 1199760, at *3 (E.D. La. Mar. 14, 2019) (J., Vance) ("[T]he Fifth Circuit has ruled that, pursuant to Rule 12(h)(2), a defendant is permitted to file successive motions to dismiss for failure to state a claim under Rule 12(b)(6).").

[12] Doe v. Columbia-Brazoria Indep. Sch. Dist. by & through Bd. of Trustees, 855 F.3d 681, 686 (5th Cir. 2017).

[13] Rule 12(h)(3) a motion based on Rule 12(b)(1) lack of subject matter jurisdiction may be raised at any time.

[14] Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo., 771 F.3d 697, 702 (10th Cir. 2014) (quoting *In re* Opus East, L.L.C., 480 B.R. 561, 570 (Bankr. D. Del. 2012)).

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Strike is **DENIED**. The State Defendants' Motion to Dismiss (Doc. 104) is **RESET** for submission on June 5, 2024. Opposition shall be filed in accordance with local rules.

New Orleans, Louisiana this 3rd day of May, 2024.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**