# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**KENDRA GREENWALD**                                    **CIVIL ACTION**

**VERSUS**                                              **NO: 22-2371**

**LATOYA CANTRELL ET AL.**                              **SECTION "H"**


## ORDER AND REASONS

Before the Court is the State Defendants' Second Motion to Dismiss (Doc. 104). For the following reasons, the Motion is **GRANTED IN PART**.


## BACKGROUND

In 2012, Plaintiff Kendra Greenwald was convicted of a sex offense and subsequently required to comply with the registration and notification mandates described in Louisiana's Sex Offender Registration and Notification Act (SORNA). Plaintiff suffers from a seizure disorder that has progressively worsened over time, causing brain damage that has diminished her intellectual abilities and caused short-term and long-term memory loss. Plaintiff alleges that her intellectual and adaptive functioning have declined to the point where she requires assistance to complete daily tasks, such as maintaining a schedule, financial management, and using public transportation. She alleges

1

that she is functionally illiterate and reads at a first-grade level. Plaintiff alleges that her intellectual disability prevents her from complying with the onerous registration requirements of SORNA.

As a result, Plaintiff has been arrested at least seven times for failing to comply with the requirements of SORNA. After her fourth arrest in July 2015 for failure to comply with the requirements of SORNA, the court ordered a competency evaluation and found Plaintiff to be incompetent to proceed to trial. Thereafter, Plaintiff was arrested three more times for failure to comply with SORNA and held in jail for several days each time. Ultimately, she was found not dangerous and released each time. In June 2017, the court found Plaintiff to be an "unrestorable incompetent."[1] She was arrested after that determination in October 2017 and spent 21 days in prison before her family paid her bond. Plaintiff alleges that each of these arrests impose new requirements and disrupt her living arrangements, making it even more likely that she will be re-arrested for failing to comply with SORNA's requirements.

Plaintiff now brings this suit in an effort to put an end to the ongoing cycle of arrest, imprisonment, release, and rearrest. Plaintiff initially brought § 1983 claims for violations of her procedural and substantive due process rights under the Fifth and Fourteenth Amendments and violation of the Eighth Amendment's prohibition on cruel and unusual punishment against various state and city officials in their official capacities, including Attorney

---

[1] According to the Amended Complaint, Plaintiff's full-scale IQ in 2018 was 48, thirty points lower than her 2011 score. Doc. 70. She also alleges that she scored "extremely low" in every area of intellectual functioning in a 2018 neuropsychological evaluation and reads at a first-grade level. *Id.*

General Liz Murrill;[2] Deputy Superintendent of Louisiana State Police Chris Eskew;[3] Secretary of the Louisiana Department of Public Safety and Corrections James M. LeBlanc; Superintendent of Louisiana State Police Robert Hodges[4] (collectively, the "State Defendants"); Mayor of New Orleans Latoya Cantrell and Chief of New Orleans Police Department ("NOPD") Michelle Woodfork[5] (collectively, the "City Defendants"). On Defendants' Motions to Dismiss, this Court dismissed with prejudice Plaintiff's claims for nominal damages and her claims under § 1983 for Eighth Amendment violations, holding that SORNA is non-punitive on its face. The Court dismissed without prejudice Plaintiff's claims under § 1983 for procedural due process violations, holding that she had not alleged what alternative or substitute process is necessary to satisfy her procedural due process rights. Plaintiff's substantive due process claims survived. The Court granted Plaintiff leave to amend her Complaint to the extent that she could remedy the deficiencies identified in the Court's Order.[6]

Thereafter, Plaintiff filed an Amended Complaint, realleging her claims for procedural and substantive due process and adding a claim under the

---

[2] In her Complaint, Plaintiff named Attorney General Jeffrey Landry. Liz Murrill has since been inaugurated as Attorney General and is automatically substituted as a party.

[3] In her Complaint, Plaintiff named former Deputy Superintendent of the Louisiana State Police Layne Barnum, who has since retired. Col. Chris Eskew was automatically substituted as a party.

[4] In her Complaint, Plaintiff named former Superintendent of the Louisiana State Police Kevin Reeves, who has since retired. Major Robert Hodges was automatically substituted as a party.

[5] Plaintiff's Amended Complaint substitutes Chief of NOPD Shaun Ferguson with his successor Superintendent of NOPD Michelle Woodfork.

[6] The State Defendants took an interlocutory appeal of the Court's failure to dismiss Plaintiff's substantive due process claim on *Heck v. Humphrey* or sovereign immunity

Americans with Disabilities Act.[7] The State Defendants moved to strike the new ADA claim added in Plaintiff's Amended Complaint. The City Defendants moved to dismiss Plaintiff's Amended Complaint on Rule 12(b)(6) grounds. The Court considered and denied these motions.[8] The Court also ordered the State Defendants to file responsive pleadings to Plaintiff's Amended Complaint within 14 days of the denial of their Motion to Strike.

In response, the State Defendants filed the instant Motion to Dismiss on Rule 12(b)(6) and 12(b)(1) grounds. Plaintiff opposes. This Court will consider each argument in turn.

## LEGAL STANDARD

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[9] In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed

---

grounds. However, that appeal was dismissed as moot because Plaintiff's original Complaint was superseded by her Amended Complaint. Doc. 127.

[7] Plaintiff also realleged her claims under the Eighth Amendment. Plaintiff contends that she has only included this claim in her Amended Complaint to preserve it for appeal, and she does not intend to challenge that ruling at this time. This Court has acknowledged that Plaintiff's Eighth Amendment claims remain dismissed with prejudice. Doc. 98.

[8] Doc. 98.

[9] Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).

facts.[10] The proponent of federal court jurisdiction—in this case, the Plaintiff— bears the burden of establishing subject matter jurisdiction.[11]

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[12] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[14] The court need not, however, accept as true legal conclusions couched as factual allegations.[15] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[16] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[17] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[18]

---

[10] Den Norske Stats Oljesels kap As v. Heere MacVof, 241 F.3d 420, 424 (5th Cir. 2001).

[11] *See* Physicians Hosps. of Am. v. Sebelius, 691 F.3d 649, 652 (5th Cir. 2012).

[12] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[13] *Id.*

[14] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[15] *Iqbal*, 556 U.S. at 678.

[16] *Id.*

[17] *Lormand*, 565 F.3d at 255–57.

[18] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

## LAW AND ANALYSIS

The State Defendants assert several grounds for dismissal of the claims against them: (1) Plaintiff does not have standing to sue the State Defendants; (2) Plaintiff fails to state a claim for procedural due process violations; (3) Plaintiff fails to state a claim for substantive due process; (4) *Heck v. Humphrey* bars Plaintiff's claims; and (5) Plaintiff fails to state a claim under the Americans with Disabilities Act ("ADA"). This Court will consider each argument in turn.

### A. Standing to Sue

Defendants allege that Plaintiff has no standing to sue them where they have neither caused her injury nor have the power to redress it. In so arguing, Defendants repackage arguments already addressed by this Court in response to Defendants' first Motion to Dismiss. There, Defendants argued that the Attorney General did not have the requisite connection to the relief sought for the *Ex parte Young* exception to Eleventh Amendment immunity to apply.[19] *Ex parte Young* provides an exception to Eleventh Amendment immunity "that allows private parties to bring suits for injunctive or declaratory relief against individual state officials acting in violation of federal law."[20] This Court held that the Attorney General has a statutorily defined role in enforcing SORNA because he is required by state law to maintain a statewide Sexual Predator Apprehension Team ("SPAT"), which is charged with targeting, monitoring, arresting, and assisting in the prosecution of sex offenders and violators of sexual offender registration requirements, as well as training local law

---

[19] Doc. 61.
[20] City of Austin v. Paxton, 943 F.3d 993, 997 (5th Cir. 2019).

enforcement to do the same.[21] This Court found this statutory duty to be sufficient to create the requisite connection to enforcement required under *Ex parte Young*.[22]

The Fifth Circuit "has acknowledged that [the] Article III standing analysis and *Ex parte Young* analysis significantly overlap."[23] "To have standing, a plaintiff must (1) have suffered an injury in fact, (2) that is fairly traceable to the challenged action of the defendant, and (3) that will likely be redressed by a favorable decision."[24] "It is well established that a credible threat of future criminal prosecution will confer standing. The history of enforcement in this case makes the threat of future prosecution a real possibility."[25] Further, for the reasons discussed in the preceding paragraph, the Court concludes that the repeated arrests of Plaintiff are "fairly traceable" to the Attorney General and his duties regarding the enforcement of sex offender laws. Plaintiff need not, as Defendants suggest, allege that the State Defendants were personally involved in her arrests.[26] Finally, "redressability runs with causation,"[27] and the Attorney General's duty to maintain the SPAT and train local law enforcement on the enforcement of sex offender laws indicates a likelihood that Plaintiff's injury would be redressed by a decision

---

[21] Doc. 69.

[22] *Id.*

[23] *City of Austin*, 943 F.3d at 1002.

[24] Speech First, Inc. v. Fenves, 979 F.3d 319, 330 (5th Cir. 2020), as revised (Oct. 30, 2020).

[25] King v. Caldwell ex rel. Louisiana, 21 F. Supp. 3d 651, 655 (E.D. La. 2014).

[26] *See* Jackson v. Wright, 82 F.4th 362, 369 (5th Cir. 2023) ("But all Jackson needs to allege under Article III is that his First Amendment injuries are 'fairly traceable' to the Board defendants—not that the Board defendants directly caused his injuries.").

[27] *Id.*

that enforcement of SORNA against her violates federal law. Accordingly, this Court finds that Plaintiff has standing.

### B. Procedural Due Process

Defendants next allege that Plaintiff's Amended Complaint still fails to state a claim for a violation of procedural due process. Plaintiff contends that since she has been declared an unrestorable incompetent she has been denied any process by which to challenge the cycle of arrest, imprisonment, release, and rearrest to which she has been subjected. She argues that, as a result, she is never given the opportunity to obtain a ruling that SORNA is unconstitutional as applied to her. She also argues that because her disabilities make it impossible for her to comprehend her obligations under SORNA, she is being denied constitutionally adequate notice.

In its first consideration of this claim, this Court noted that Plaintiff's Complaint did not identify any "additional or substitute procedural safeguards" that would prevent the alleged erroneous deprivation of liberty.[28] In her Amended Complaint, Plaintiff alleges that Defendants should establish a process by which individuals with disabilities can petition for relief from SORNA's registration requirement. "[T]hen the State could issue a directive to local law enforcement agencies and district attorneys advising them to defer arrest or prosecution of that individual for failing to comply."[29] Or alternatively, Plaintiff suggests that Defendants could give Plaintiff notice and an opportunity to challenge her noncompliance before arresting and imprisoning her.

---

[28] Doc. 69.
[29] Doc. 70 at 18.

Plaintiff's arguments are similar to the ones considered in *Robinson v. Harrison*.[30] There, the plaintiff argued that the lack of fee waiver in SORNA for indigent persons is unconstitutional as applied to the plaintiff.[31] The plaintiff argued, in reliance on *Bearden v. Georgia*, that he was entitled to a determination of indigency prior to arrest and imprisonment for failure to pay fees associated with registering as a sex offender.[32] The court held that *Bearden* did not apply because it concerns indigency determinations made by the court to ensure that it does not erroneously deprive a defendant of his liberty for the sole reason that he is indigent.[33] The court further held that *Bearden* does not require such a determination be made prior to arrest.[34] In addition, the court noted that Louisiana Revised Statutes § 15:544.1 provided the plaintiff with a mechanism to challenge the requirements of SORNA.[35]

Here too, Plaintiff has not pointed to any case law providing for a pre-arrest hearing to determine competency. The Due Process Clause of the Fourteenth Amendment prohibits only the *criminal prosecution* of a defendant who is not competent to stand trial.[36] This Court is not aware of any procedural

---

[30] Robinson v. Harrison, No. CV 18-4733, 2020 WL 3892814, at *10 (E.D. La. July 10, 2020), *vacated and remanded on other grounds sub nom.* Robinson v. Ferguson, 849 F. App'x 77 (5th Cir. 2021).

[31] *Id.*

[32] *Id.* (discussing Bearden v. Georgia, 461 U.S. 660, 672 (1983)).

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] Medina v. California, 505 U.S. 437, 439 (1992).

due process rights protecting from arrest those deemed incompetent to stand trial.

This Court previously explained that the Supreme Court's reasoning in *Connecticut Department of Public Safety v. Doe* was helpful in considering Plaintiff's claim.[37] There, the Court considered whether the plaintiff was entitled to a pre-deprivation hearing to determine whether he was likely to be "currently dangerous" before being placed on Connecticut's sex offender registry.[38] The Court dismissed the procedural due process claim, holding that the issue of the plaintiffs' dangerousness was not relevant to the sex offender registry law.[39] "[T]he law's requirements turn on an offender's conviction alone—a fact that a convicted offender has already had a procedurally safeguarded opportunity to contest. No other fact is relevant to the disclosure of registrants' information."[40]

Here too, Plaintiff's competence to stand trial or ability to be prosecuted for failing to register as a sex offender is not relevant to Louisiana's SORNA requirements. Plaintiff is required to comply with SORNA because of her conviction, for which she received due process. Plaintiff's arrests are not "erroneous deprivations" of her interest in liberty where her status as a sex offender has been established through due process.[41]

In addition, this Court agrees with the court in *Robinson* that Plaintiff is not without a procedural mechanism to address the application of SORNA

---

[37] Conn. Dep't of Pub. Safety v. Doe, 538 U.S. 1 (2003).

[38] *Id.* at 4.

[39] *Id.* at 7.

[40] *Id.* (internal quotation omitted).

[41] *See* Jennings v. Owens, 602 F 3d. 652 (5th Cir. 2010).

to her. Louisiana Revised Statutes § 15:544.1 provides for petitions for injunctive relief or declaratory judgment "regarding the application or interpretation of the registration and notification requirements" of SORNA to be filed in an ordinary civil proceeding. Indeed, others have brought claims for injunctive relief or declaratory judgment pursuant to § 15:544.1 to request relief from the sex offender registration and notification requirements of SORNA.[42] Accordingly, Plaintiff has not alleged a procedural due process claim.

### C. Substantive Due Process

In addressing Defendants' prior Motion to Dismiss, this Court held that Plaintiff had sufficiently pleaded a substantive due process claim. Defendants now ask this Court to reconsider that holding. In support, Defendants provide a scattershot of arguments that miss the mark and mischaracterize Plaintiff's claim.

First, there is no logical inconsistency between this Court's dismissal of Plaintiff's procedural due process claim and preservation of Plaintiff's substantive due process claim, as Defendants suggest. This Court accepted the allegation that repeatedly arresting someone for not doing something that they are incapable of doing shocks the conscience regardless of what process may be due prior to arrest. Further, the Court did not rely on incorrect facts in reaching this conclusion. While it is true that Plaintiff has only been arrested once since she was declared *unrestorably* incompetent, she also alleges that she has been in compliance with the SORNA requirements since that time through

---

[42] Duxworth v. La. Dep't of Pub. Safety & Corr., No. 2022-0377, 2022 WL 16706809 (La. App. 1 Cir. 2022).

the assistance of the Orleans Parish Public Defenders Office ("OPD") and that the OPD no longer has the resources to continue assisting her. She alleges that she will inevitably fall out of compliance, be arrested, and the cycle will continue. Finally, Plaintiff has alleged that "[a]rresting and imprisoning a woman with intellectual disabilities for failing to complete administrative tasks that her disability makes impossible, and for which the State cannot prosecute her, constitutes a substantive due process violation, because it deprives her of her fundamental right to liberty and 'shocks the conscience.'"[43] She has not, as Defendants suggest, alleged a right to be free from all arrests, or a right to be excused from sex offender laws, or that her arrests were without probable cause. Accordingly, Defendants' new and reurged arguments do not undercut this Court's holding that Plaintiff has stated a claim for a violation of her substantive due process rights.

### D. *Heck v. Humphrey*

Similarly, this Court is not persuaded by Defendants' reurged arguments regarding the applicability of *Heck v. Humphrey* here. Pursuant to *Heck*, the court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."[44] In addressing Defendants' prior Motion to Dismiss, the Court held that Plaintiff's substantive due process claim is not barred by *Heck*.[45] A finding that Plaintiff's rights are being violated when she is repeatedly arrested *without conviction* after being declared unrestorably incompetent does not invalidate her earlier convictions

---

[43] Doc. 26.
[44] Heck v. Humphrey, 512 U.S. 477, 487 (1994)
[45] Doc. 69.

for failure to register as a sex offender. The alleged violation did not arise "from the same facts attendant to the charge for which [s]he was convicted" as required for a claim to be barred by *Heck*.[46]

### E. ADA

Finally, Defendants argue that Plaintiff's Amended Complaint has not alleged a claim under the ADA. Plaintiff's Amended Complaint adds a claim that Defendants have refused to make reasonable accommodations available to her in violation of the ADA. Specifically, she alleges that SORNA is a "service, program, or activity" under the ADA and that Defendants have not made reasonable modifications or accommodations to allow her, a woman with intellectual disabilities, to comply with the SORNA registry requirements. Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[47] To state a claim under under Title II of the ADA, a plaintiff must allege: "(1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability."[48] "[A] public entity's failure reasonably to accommodate the known limitations of persons with disabilities can also constitute disability discrimination under Title II."[49] The State Defendants

---

[46] *Heck*, 512 U.S. at 487.
[47] 42 U.S.C. § 12132.
[48] Hale v. King, 642 F.3d 492, 499 (5th Cir. 2011).
[49] Windham v. Harris Cnty., 875 F.3d 229, 235 (5th Cir. 2017).

argue that Plaintiff has failed to state an ADA claim for several reasons. Because the Court agrees with Defendants that SORNA is not a "service, program, or activity of a public entity" under the terms of the ADA, it need not address Defendants' other arguments.

Defendants argue that SORNA is not a "service, program, or activity of a public entity" under the terms of the ADA because it not an operation of government, but rather, a legislative act that results in criminal penalties. They argue that the ADA does not require the State to provide special accommodations to ensure a person with a disability does not violate criminal law. Plaintiff, on the other hand, contends that the ADA's coverage should be read expansively and that SORNA is an operation of local government where the State Defendants are responsible for the implementation of SORNA's electronic monitoring supervision program, the development and maintenance of the sex offender registry, and the training and maintenance of the SPAT.

As the Fifth Circuit has explained "[t]he ADA does not define the 'services, programs, or activities of a public entity.' The Rehabilitation Act, however, defines a 'program or activity' as 'all of the operations of . . . a local government.'"[50] This Court finds that casting the registration requirements for sex offenders "as a service or activity the benefit of which a disabled person has been denied strains the statutory language to, if not past, the breaking point."[51] Indeed, Plaintiff's Amended Complaint does not set forth any benefit of SORNA that she is being denied.[52] Rather, she alleges that she has been

---

[50] Frame v. City of Arlington, 657 F.3d 215, 225 (5th Cir. 2011).
[51] Patrice v. Murphy, 43 F. Supp. 2d 1156, 1160 (W.D. Wash. 1999).
[52] *See id.* ("The Court finds that an arrest is not the type of service, program, or activity from which a disabled person could be excluded or denied the benefits."); Rosen v.

arrested for noncompliance with its requirements. "While the purpose of the ADA is to prevent the discrimination of disabled individuals," the Fifth Circuit has explained that it does "not think Congress intended that the fulfillment of that objective be attained at the expense of the safety of the general public."[53] Plaintiff does not provide, and this Court could not find, any case finding a sex offender registry to be a service, program, or activity of a public entity under the ADA or otherwise supporting her position. Accordingly, Plaintiff's allegations do not state a claim under the ADA.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion is **GRANTED IN PART**. Plaintiff's claims for procedural due process and ADA violations are **DISMISSED WITH PREJUDICE**. Plaintiff's claim for violation of her substantive due process rights survives.

New Orleans, Louisiana this 16th day of September, 2024.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

Montgomery Cnty., 121 F.3d 154, 157 (4th Cir. 1997) ("[C]alling a drunk driving arrest a 'program or activity' of the County, the 'essential eligibility requirements' of which (in this case) are weaving in traffic and being intoxicated, strikes us as a stretch of the statutory language and of the underlying legislative intent.").

[53] Hainze v. Richards, 207 F.3d 795, 801 (5th Cir. 2000).