UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KENDRA GREENWALD**                                       **CIVIL ACTION**

**VERSUS**                                                       **NO: 22-2371**

**LATOYA CANTRELL ET AL.**                                   **SECTION "H"**

## ORDER AND REASONS

Before the Court is the State Defendants' Motion to Stay Discovery (Doc. 148). The Court granted the State Defendants' request to consider this Motion on an expedited basis. (Doc. 161) For the following reasons, the Motion is **GRANTED IN PART**.

## BACKGROUND

The full facts of this case have been outlined in prior orders.[1] Relevant here is merely that after a series of motions to dismiss, Plaintiff Kendra Greenwald's claim for violation of her substantive due process rights survives. The State Defendants have filed an interlocutory appeal of this Court's failure to dismiss Plaintiff's substantive due process claim on *Heck v. Humphrey* or

---

[1] Docs. 69, 138.

1

sovereign immunity grounds.[2] The State Defendants now move to stay discovery pending their appeal. They argue that discovery must be stayed pending final adjudication of sovereign immunity. Plaintiff opposes.

## LAW AND ANALYSIS

A district court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."[3] Pursuant to Federal Rule of Civil Procedure 26(c), the court may stay discovery for "good cause," such as a finding that further discovery will impose undue burden or expense.

It is well-settled that "[i]mmunity, whether qualified or absolute, is an entitlement to be free from the burdens of time-consuming pre-trial matters and the trial process itself."[4] Further, "the filing of a non-frivolous notice of interlocutory appeal following a district court's denial of a defendant's immunity defense divests the district court of jurisdiction to proceed against that defendant."[5] The Fifth Circuit has recognized that discovery should be stayed pending the appeal of immunity as to the defendants asserting that

---

[2] The "State Defendants" are Attorney General Liz Murrill; Deputy Superintendent of Louisiana State Police Chris Eskew; Secretary of the Louisiana Department of Public Safety and Corrections James M. LeBlanc; Superintendent of Louisiana State Police Robert Hodges (collectively, the "State Defendants").

[3] Fujita v. United States, 416 F. App'x 400, 402 (5th Cir. 2011).

[4] Carty v. Rodriguez, 211 F. App'x 292, 293 (5th Cir. 2006) (quoting Williams v. Brooks, 996 F.2d 728, 730 n.2 (5th Cir. 1993).

[5] *Williams*, 996 F.2d at 730.

2

defense.[6] Accordingly, this Court finds it appropriate to stay discovery against the State Defendants pending their appeal.

That said, "[b]ecause a district court retains jurisdiction to proceed on unrelated claims, it is fully within a judge's discretion to permit discovery to continue on claims separate and apart from those at issue in the interlocutory appeal, as well as those claims brought against parties who have not moved for dismissal based on qualified immunity."[7] Accordingly, the Court finds it appropriate to allow Plaintiff to proceed with discovery against the City Defendants, who have not asserted an immunity defense.[8] The Court recognizes, however, that Plaintiff's claims against all Defendants are factually and legal interwoven, and it would therefore be unreasonable to allow full-scale discovery when such discovery will simply have to be repeated if the Fifth Circuit reverses this Court's immunity determination.[9] In light of this, the Court will permit Plaintiff to proceed only with written discovery—

---

[6] *Id.* "Courts across the nation often issue a blanket stay of all discovery pending an interlocutory appeal in qualified immunity cases." Davis v. Matagorda Cnty., No. 3:18-CV-00188, 2019 WL 1924532, at *2 (S.D. Tex. Apr. 30, 2019).

[7] *Davis*, 2019 WL 1924532, at *2.

[8] City Defendants are Mayor of New Orleans Latoya Cantrell and Chief of New Orleans Police Department Michelle Woodfork.

[9] *See Davis*, 2019 WL 1924532, at *2.

requests for production, requests for admission and interrogatories—against the City Defendants.

## CONCLUSION

For the foregoing reasons, the State Defendants' Motion is **GRANTED IN PART**. Discovery is **STAYED** as to the State Defendants. Plaintiff may proceed with written discovery as to the City Defendants.

New Orleans, Louisiana this 9th day of December, 2024.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**