UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KENDRA GREENWALD | * | CIVIL ACTION |
| VERSUS | * | NO. 22-2371 |
| LATOYA CANTRELL, ET AL. | * | SECTION "H" (2) |

### ORDER AND REASONS

Pending before me is Plaintiff Kendra Greenwald's Motion to Compel. ECF No. 157. Defendants Mayor of New Orleans Latoya Cantrell and Chief of New Orleans Police Department ("NOPD") Shaun Ferguson (together, the "City Defendants") filed a Response. ECF No. 160. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion to Compel is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

I.    **BACKGROUND**

As a result of a 2012 conviction of a sex offense, Plaintiff is required to comply with the registration and notification mandates of Louisiana's Sex Offender Registration and Notification Act ("SORNA"). ECF No. 70 ¶ 40; LA. REV. STAT. 15:542(A)(1)(a). Since Plaintiff's conviction, she alleges her epilepsy, which caused her brain damage that diminishes her intellectual ability and causes short- and long-term memory loss, has become more severe. ECF No. 70 ¶¶ 24-26, 57. Plaintiff contends that, as a result of her diminished intellectual ability, she cannot comply with SORNA. *Id.* ¶ 67. After her fourth arrest for failure to comply with SORNA, the court ordered a competency evaluation. *Id.* ¶¶ 76-77. Plaintiff was found to be "an unrestorable incompetent." *Id.* ¶ 83. The NOPD has continued to arrest Plaintiff after that determination, with resultant

1

incarceration for several days each time. *Id.* ¶¶ 84-87. Plaintiff filed this § 1983 case to end the cycle of arrest, imprisonment, release, rearrest. *See* ECF Nos. 1, 70

Judge Milazzo dismissed Plaintiff's nominal damages, § 1983 Eighth Amendment, and § 1983 procedural due process claims, with leave to amend. ECF No. 69. She also dismissed without prejudice her claims against Mayor of New Orleans Latoya Cantrell and Chief of New Orleans Police Department Shaun Ferguson, leaving the § 1983 substantive due process claim for declaratory relief against the State Defendants.[1] *Id.* After Plaintiff amended her complaint and added a claim under the Americans With Disabilities Act, the City Defendants filed a motion to dismiss, which was denied. ECF Nos. 70, 90, 98. The State Defendants then filed a Motion to Dismiss based on Rules 12(b)(1) and 12(b)(6). ECF No. 104. Judge Milazzo dismissed the § 1983 procedural due process and ADA claims but denied dismissal of the § 1983 substantive due process claim. ECF No. 138. After filing a Notice of Appeal, the State Defendants moved to Stay Discovery. ECF Nos. 146, 148. Judge Milazzo granted the motion in part, staying discovery against the State Defendants, but allowing written discovery to proceed against the City Defendants. ECF No. 163.

During the pendency of the Motion to Stay Discovery, Plaintiff filed this Motion to Compel seeking to compel discovery against the City Defendants. ECF No. 157. Plaintiff issued discovery to the City Defendants on August 21, 2024, and extended the response time until October 20, 2024. ECF No. 157-1 at 1. After the death of opposing counsel's family member, Plaintiff extended the deadline until October 25, 2024. *Id.* at 2; ECF 160 at 5. The City Defendants delivered written responses to the Requests for Admission on October 25 and written responses to the Interrogatories

---

[1] The State Defendants are currently Louisiana Attorney General Liz Murrill (then Jefferey Landry); Deputy Superintendent of Louisiana State Police Chris Eskew; Secretary of the Louisiana Department of Public Safety and Corrections James M. LeBlanc; and Superintendent of Louisiana State Police Robert Hodges (then Lamar Davis). *See* ECF No. 69 at 2.

2

and Requests for Production on October 28, 2024. ECF Nos. 157-1 at 2; 157-4; 157-5. Plaintiff now moves to compel more complete responses to the Interrogatories and Admissions. ECF No. 157.

A.  **Plaintiff's Motion**

Plaintiff seeks to compel more complete answers to Requests for Admission Nos. 3, 4 and 5 and Interrogatory Nos. 2, 3, 5, 6, 7, and 8. ECF No. 157-1 at 4-9. The discovery requests and responses at issue read:

> REQUEST FOR ADMISSION NO. 3:
> Please admit or deny that, when the NOPD arrested Ms. Greenwald in 2016 and 2017, the NOPD knew that Ms. Greenwald had been deemed not competent to stand trial by a court of law.
> RESPONSE TO REQUEST FOR ADMISSION NO. 3:
> This Request for Admissions can be neither admitted nor denied because this Request is immaterial as well as improper. This Request assumes a legal conclusion that Plaintiff was not required to comply with the requirements of SORNA due to her competency status.
>
> REQUEST FOR ADMISSION NO. 4:
> Please admit or deny that, when the NOPD arrested Ms. Greenwald in 2016 and 2017, the NOPD knew that Ms. Greenwald had been deemed not a danger to herself or others by a court of law.
> RESPONSE TO REQUEST FOR ADMISSION NO. 4:
> This Request for Admissions can be neither admitted nor denied because it is immaterial and improper. This Request assumes a legal conclusion that Plaintiff was not required to comply with the requirements of SORNA because of her competency status.
>
> REQUEST FOR ADMISSION NO. 5
> Please admit or deny that, when the NOPD arrested Ms. Greenwald on October 24, 2017, the NOPD knew that Ms. Greenwald had been deemed unrestorably incompetent by a court of law.
> RESPONSE TO REQUEST FOR ADMISSION NO. 5:
> This Request for Admissions can be neither admitted nor denied because it is immaterial and improper. This Request assumes a legal conclusion that Plaintiff was not required to comply with the requirements for SORNA because of her competency status.
>
> INTERROGATORY NO. 2:
> Please explain, in detail, why the NOPD arrested Ms. Greenwald on February 17, 2016, after the Orleans Parish Criminal Court had already deemed her incompetent to stand trial and not a danger to herself or others.

3

ANSWER TO INTERROGATORY NO. 2:
Defendants object to this Interrogatory to the extent it seeks information that is already in the possession of, or equally available to Plaintiff.

INTERROGATORY NO. 3:
Please explain, in detail, why the NOPD arrested Ms. Greenwald on June 15, 2017, after the Orleans Parish Criminal Court had already deemed her incompetent to stand trial and not a danger to herself or others.
ANSWER TO INTERROGATORY NO. 3:
Defendants object to this Interrogatory to the extent it seeks information that is already in the possession of, or equally available to Plaintiff.

INTERROGATORY NO. 5:
Please explain, in detail, why the NOPD arrested Ms. Greenwald on October 24, 2017, when the Orleans Parish Criminal Court had already deemed her incompetent to stand trial and not a danger to herself or others.
ANSWER TO INTERROGATORY NO. 5:
Defendants object to this Interrogatory to the extent it seeks information that is already in the possession of, or equally available to Plaintiff.

INTERROGATORY NO. 6:
Are the City Defendants providing any disability-related accommodations or modifications to Ms. Greenwald as it relates to her compliance with SORNA?
ANSWER TO INTERROGATORY NO.6:
The Defendants object to this Interrogatory that is vague and ambiguous.

INTERROGATORY NO. 7:
If the answer to Interrogatory Number 6 is "yes," please identify the accommodation(s) or modification(s) in detail, including the nature of the accommodation/modification, the employee or employees who provide the accommodation/modification, how long the accommodation/modification has been provided, and how many times Ms. Greenwald has been provided with the accommodation/modification.
ANSWER TO INTERROGATORY NO.7:
See answer to Interrogatory No. 6.

INTERROGATORY NO. 8:
With regard to each accommodation or modification identified in response to Interrogatory No. 7, please state whether the City Defendants intends to continue to provide the accommodation(s)/modification(s) in the future.
ANSWER TO INTERROGATORY NO.8:
See answer to Interrogatory No. 6.

Plaintiff argues that information regarding whether the City Defendants knew Plaintiff had been deemed unrestorably incompetent and when they learned that information is critical to her

substantive due process claim, and she argues information regarding whether the City Defendants are providing a level of accommodations to her is highly relevant because, if they are, it could undermine a defense that SORNA-based accommodations are unreasonable. *Id.* at 4, 6, 8. She argues that the City's delivery of interrogatory responses on October 28th effected a waiver of any objections because the extended deadline expired on October 25. *Id.* at 7. She also contends that the discovery is proportional, and the City Defendants have not carried the burden to establish otherwise. *Id.* at 9. Plaintiff also seeks attorneys' fees incurred in filing the motion. *Id.* at 9-10.

### B. City Defendants' Response

The City Defendants contend that information about what individual officers knew is not relevant to the ADA claim, and that the responses were correct based on the information available at the time. ECF No. 160 at 4. Defendants argue that, since responding, they have located and produced numerous documents, and they intend to amend the written responses when the document production is complete. *Id.* The City Defendants also argue that no precedent excuses Plaintiff from complying with SORNA based on a finding that she is an unrestorable incompetent and contend that she is capable of compliance. *Id.* at 4-5. The City Defendants further argue that they have established good faith efforts to comply as they kept Plaintiff's counsel informed at all times, including notice of the death of counsel's father and the change of counsel. *Id.* at 5.

### II.  APPLICABLE LAW AND ANALYSIS

### A. The Scope of Discovery

Rule 26 of the Federal Rules of Civil Procedure authorizes parties to:

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[2] Information need not be admissible into evidence to be discoverable.[3] Rather, the information merely needs to be *proportional* and *relevant* to any claim or defense.[4]

Rule 26's advisory committee comments make clear that the parties and the court have a collective responsibility to ensure that discovery is proportional. The party claiming it would suffer an undue burden or expense is typically in the best position to explain why, while the party claiming the information is important to resolve the issues in the case should be able "to explain the ways in which the underlying information bears on the issues as that party understands them."[5] "The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery."[6]

The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[7] At the discovery stage, relevance includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[8] Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[9] If relevance is in doubt, a court should allow discovery.[10] Facts

---

[2] FED. R. CIV. P. 26(b)(1).
[3] *Id.*
[4] *Id.*
[5] FED. R. CIV. P. 26 advisory committee's notes to 2015 amendment.
[6] *Id.*
[7] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[8] *Id.* (brackets and citations omitted).
[9] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (Morgan, J.) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)).
[10] *E.E.O.C. v. Simply Storage Mgmt., L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987)).

6

that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[11]

While the discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials,[12] discovery does have "'ultimate and necessary boundaries.'"[13] The parties and the court have a collective responsibility to ensure that discovery is proportional, and Rule 26(b)(2)(C) *mandates* that the Court limit the frequency or extent of discovery otherwise allowed, if it determines:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).[14]

Further, Rule 26(b) "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition."[15] While relevancy in the discovery context is broader than in the trial context, that legal tenet should not be misapplied to allow fishing expeditions in discovery.[16]

### B. Duties in Responding to Interrogatories

Rule 33 requires a party to serve responses within thirty days of service, absent court order or stipulation.[17] A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or

---

[11] *Rangel*, 274 F.R.D. at 590 n.5 (quoting *In re Gateway Eng'rs, Inc.*, No. 09-209, 2009 WL 3296625, at *2 (W.D. Pa. Oct. 9, 2009)).
[12] *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (citations omitted).
[13] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).
[14] FED. R. CIV. P. 26(b)(2)(C)(i)–(iii).
[15] *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) (citation omitted).
[16] *Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, No. 16-17277, 2017 WL 3011144, at *4 (E.D. La. July 14, 2017) (citations omitted); *see also Crosby*, 647 F.3d at 264; *Ganpat v. E. Pac. Shipping, PTE, Ltd.*, 611 F. Supp. 3d 305, 311 (E.D. La. 2020) (Morgan, J.).
[17] FED. R. CIV. P. 33(b)(2).

document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld.[18] "Discovery by interrogatory requires candor in responding. . . . The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information."[19]

Although a party responding to interrogatories is not required to make an extensive investigation in responding to an interrogatory, it must review all sources of responsive information reasonably available and provide the responsive, relevant facts reasonably available.[20] The fact that an interrogatory calls for a thorough response—one that will take time and effort to answer—does not make it improper.[21] Where an interrogatory answer "'as a whole discloses a conscientious endeavor to understand the question and to answer fully that question,' a party's obligation under Rule 33 is satisfied."[22] Although Rule 26(e) imposes an obligation to supplement responses,[23] that provision does not provide "an extension of the deadline by which a party must deliver" its information.[24] Rather, the basic purpose of this rule is to prevent prejudice and surprise.[25]

---

[18] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation omitted).
[19] *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616 (5th Cir. 1977).
[20] *Lopez* at 579 (citing 8B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2174 (3d ed. 2013)).
[21] *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016) (citing *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 307–08 (5th Cir. 1973)).
[22] *Id.* (brackets omitted) (quoting *Meltzer/Austin Rest. Corp. v. Benihana Nat'l Corp.*, No. 11–542, 2013 WL 2607589, at *3 (W.D. Tex. June 10, 2013) (quoting 8B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2177 (3d ed. 2013))).
[23] *Berenson v. Adm'rs of Tulane Univ. Educ. Fund*, No. 17-329, 2017 WL 6372831, at *3 (E.D. La. Dec. 13, 2017); *see also Moore v. BASF Corp.*, No. 11-1001, 2012 WL 12990571, at *2 (E.D. La. May 2, 2012).
[24] *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996); *see also Van Baelen v. Sabine Transp. Co.*, No. 00-2155, 2001 WL 474273, at *2 (E.D. La. May 2, 2001) (Clement, J.) (noting that Rule 26(e)'s duty to supplement does not enable a party to circumvent Rule 26(a)'s deadlines or a court's scheduling order).
[25] *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994).

A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld.[26] The party objecting must state how the objection "relates to the particular request being opposed, and not merely that it is overly broad and burdensome or oppressive or vexatious or not reasonably calculated to lead to the discovery of admissible evidence."[27] Any objection must clearly state how the information sought is not relevant to any claim or defense, or how the request is overbroad, burdensome or oppressive.[28]

The Federal Rules of Civil Procedure take a "demanding attitude toward objections,"[29] and courts have long interpreted the rules to prohibit general, boilerplate objections.[30] Boilerplate objections use standardized, ready-made or all-purpose language without regard to the particular discovery request.[31] General objections refer to objections that a party responding to discovery

---

[26] *Lopez*, 327 F.R.D. at 580 (citation omitted).
[27] *Cheshire v. Air Methods Corp.*, No. 15-933, 2015 WL 7736649, at *2 (W.D. La. Nov. 30, 2015) (internal quotations and citations omitted).
[28] *Chevron Midstream Pipelines LLC v. Settoon Towing, LLC*, Nos. 13-2809, 13-3197, 2015 WL 269051, at *3 (E.D. La. Jan. 20, 2015) (noting objections are boilerplate and insufficient if they merely state "the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond.") (citation omitted).
[29] 8B CHARLES WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2173 (3d ed. 2021).
[30] *See, e.g.*, *Chevron*, 2015 WL 269051, at *3 (noting that an objection is boilerplate and insufficient "when it merely states the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request.") (citation omitted); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (noting simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive" is inadequate to "voice a successful objection.") (citations omitted).
[31] *See Tim Long Plumbing, Inc. v. Kinsale Ins. Co.*, No. 20-42, 2020 WL 6559869, at *3 (E.D. Tex. Nov. 9, 2020) (citation omitted) (providing examples for boiler plate language, such as "Defendant objects to this Request, as it is overly broad and vague" and "Defendant objects to this Request to the extent it seeks discovery of information that is irrelevant and not proportional to the needs of the case"). Objections are deemed "boilerplate" when they are identical and not tailored to the specific discovery request. *Amazing Ins., Inc. v. DiManno*, No. 19-1349, 2020 WL 5440050, at *5 (E.D. Cal. Sept. 10, 2020) (citation omitted).

asserts as applicable to multiple individual requests set forth in a given set of discovery requests.[32] A general objection untethered to specific requests (and is thus also a boilerplate objection) is improper.[33] Proper objections must thus raise specific objections and correspond to specific discovery requests.[34]

The City Defendants' objection to Interrogatory Nos. 2, 3 and 5 on the basis that they seek information that is already in the possession of, or equally available to, Plaintiff is improper. While cumulative discovery is certainly improper, objecting on the basis that a party already knows the answer is improper.[35] "[I]nterrogatories serve not only as a discovery device but as a means of producing admissible evidence; there is no better example of an admission of a party opponent, which is admissible because it is not hearsay (FED. R. EVID. 801(d)(2)), than an answer to an interrogatory."[36] Thus, interrogatory responses have value as evidence in addition to being a means to discover information. Accordingly, an objection on the basis that the other party already knows the answer is improper.

Likewise, the City Defendants' objection of vague and ambiguous in response to Interrogatory Nos. 6, 7 and 8 is an improper general, boilerplate objection that is not tethered to the particular requests. The City Defendants do not explain how the requests are vague or ambiguous nor how the City Defendants cannot provide any substantive response whatsoever. If

---

[32] *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 134 n.16 (3d Cir. 2009).
[33] *See DL v. Dist. of Columbia*, 251 F.R.D. 38, 43 (D.D.C. 2008) (citation omitted) ("When faced with general objections, the applicability of which to specific document requests is not explained further, this Court will not raise objections for the responding party, but instead will overrule the responding party's objections on those grounds.") (brackets and internal quotations omitted)
[34] *Dickey v. Apache Indus. Servs., Inc.*, No. 18-572, 2019 WL 4261117, at *3 (M.D. La. Sept. 9, 2019) (collecting cases); *see Hall v. Louisiana*, No. 12-657, 2014 WL 2560579, at *1 (M.D. La. June 6, 2014) ("Defendants initially gave general objections applicable to all of Plaintiff's discovery requests. But critically, after providing their general objections, Defendants addressed each and every discovery request individually, making specific objections before providing detailed and informative responses, notwithstanding those objections.").
[35] *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 438 (N.D. Tex. 2021) (citations omitted).
[36] *Melius v. Nat'l Indian Gaming Comm'n*, No. 98–2210, 2000 WL 1174994, at *1 (D.D.C. July 21, 2000); *Walls v. Paulson*, 250 F.R.D. 48, 52 (D.D.C. 2008) (citation omitted).

the City Defendants have reviewed all sources of responsive information reasonably available and cannot respond, they must explain the efforts undertaken and why they cannot respond further. In short, the City Defendants must provide a response that, "as a whole [,] discloses a conscientious endeavor to understand the question and to answer fully that question."[37]

The City Defendants must provide supplemental responses to Interrogatory Nos. 2, 3, 5, 6, 7 and 8.

### C. Requests for Admission

Requests for admission are not principally discovery devices and are not a substitute for the discovery process used to uncover evidence.[38] "In form and substance a Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to an evidentiary admission of a party."[39] Requests for admissions allow litigants to winnow down issues before trial and focus their energy and resources on disputed matters.[40] Although Rule 36 requests for admissions differ procedurally from interrogatories, the standards for discoverability of the information sought (e.g., relevance and proportionality) remain the same.

Rule 36 authorizes a party to request another party "to admit, for purposes of the pending action only, the truth of any matters *within the scope of Rule 26(b)(1)*" relating to facts, application of law to facts, or opinions about either. FED. R. CIV. P. 36(a)(1)(A) (emphasis added). The Fifth Circuit has explained that Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact.[41] Requests for admissions

---

[37] *Mary Kay Inc. v. Reibel*, No. 17-2634, 2019 WL 1128959, at *2 (N.D. Tex. Mar. 11, 2019) (original brackets omitted) (citation omitted).
[38] *In re Katrina Canal Breaches*, No. 05-4182, 2007 WL 1852184, at *2 (E.D. La. June 27, 2007) (citations omitted).
[39] *Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991).
[40] *In re Katrina Canal Breaches*, 2007 WL 1852184, at *1 (quoting *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001)).
[41] *In re Carney*, 258 F.3d at 419 (citations omitted).

are properly used for facts or facts as applied to law, but not for pure legal conclusions.[42] A legal-related request for admission must connect the relevant legal proposition to specific facts and circumstances of the case.[43]

> Rule 36 instructs litigants how to answer and object to requests for admission:
>
> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.
>
> The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

FED. R. CIV. P. 36(a)(4)-(5). The denial of a request for admission "as written" without further explanation is evasive and non-compliant with Rule 36.[44] When a responding party has semantic objections to how the requests for admission are drafted and its qualified denials are partial in nature, the party must identify, in good faith, the extent to which it admits the requests for admission.[45] General objections to requests for admission that are not addressed to specific requests to admissions are insufficient.[46]

Rule 37 does not provide for a motion to compel answers to Rule 36 nor does it contemplate a motion to deem requests admitted.[47] Instead, the requesting party may file a motion to determine

---

[42] *In re Katrina Canal Breaches*, 2007 WL 1852184, at *1 (quoting *Warnecke v. Scott*, 79 F. App'x 5, 6 (5th Cir. 2003) (citing *In re Carney*, 258 F.3d at 418; 8A WRIGHT, MILLER & CANE, FEDERAL PRACTICE AND PROCEDURE § 2255 & n.8 (2003) (collecting cases)).
[43] *See* FED. R. CIV. P. 36 advisory committee's notes to 1970 amendment ("The amended provision does not authorize requests for admissions of law unrelated to the facts of the case."); *see also Thompson v. Beasley*, 309 F.R.D. 236, 241 (N.D. Miss. 2015).
[44] *XL Specialty Ins. Co. v. Bollinger Shipyards, Inc.*, No. 12–2071, 2014 WL 295053, at *4 (E.D. La. Jan. 27, 2014).
[45] *Janko v. Fresh Mkt., Inc.*, No. 13-648, 2015 WL 4714928, at *4 (M.D. La. Aug. 5, 2015)
[46] *Id.* at *2 (citations omitted).
[47] *VeroBlue Farms*, 345 F.R.D. at 416.

the sufficiency of an answer or objection to its requests for admission. FED. R. CIV. P. 36(a)(6). Unless the court finds an objection justified, it must order that an answer be served, and if the court finds that an answer is noncompliant with the Federal Rules, it may order that the matter is admitted or direct the party to serve an amended answer. *Id.*

Again, discovery is proper on any issue relevant to any claim or defense in the proceeding. While the City Defendants dispute Plaintiff's claims (i.e., that her disability excuses her from compliance with SORNA), Requests for Admission Nos. 3, 4 and 5 are directed to that claim. Thus, they are neither irrelevant nor immaterial. Further, contrary to the City Defendants' objections, these requests neither seek nor are premised on a legal conclusion. Rather, each simply asks whether the NOPD had certain information on specified dates. The impact of that knowledge, if any, is not addressed by these requests. Accordingly, the City Defendants' objections to Requests for Admission Nos. 3, 4 and 5 are not justified, and they must serve supplemental responses to same.

### D. Attorneys' Fees Under Rule 37

Rule 37 requires the imposition of costs, including attorneys' fees, when a motion to compel is granted, unless the movant filed the motion before attempting in good faith to obtain the disclosure without court action, the response was substantially justified or other circumstances make the award of expenses unjust. FED. R. CIV. P. 37(a)(5). The purpose of discovery sanctions are to secure compliance with the rules of discovery, deter others from violating them, and punish those who do violate them.[48] The presence or lack of good faith is relevant to the orders that should be given and the severity of the sanctions.[49] While a finding of bad faith or willful

---

[48] *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642-43 (1976).
[49] *Echeverry v. Padgett*, No. 17-6494, 2019 WL 4572786, at *2 (E.D. La. Sept. 20, 2019) (Fallon, J.) (quoting *B.F. Goodrich Tire Co. v. Lyster*, 328 F.2d 411, 415 (5th Cir. 1964)).

misconduct is required to support the severest remedies under Rule 37(b) (i.e., striking pleadings or dismissing a case), lesser sanctions do not require a finding of willfulness.[50]

In light of the appeal, the pending motion to stay, and the death of counsel's father, an award of costs in improper in this case.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff Kendra Greenwald's Motion to Compel (ECF No. 157) is GRANTED IN PART AND DENIED IN PART as stated herein.

IT IS FURTHER ORDERED that supplemental responses be delivered on or before Thursday, January 9, 2025.

New Orleans, Louisiana, this \_\_\_12th\_\_\_ day of December, 2024.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[50] *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990); *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488-89 (5th Cir. 2012) (citing *Chilcutt v. United States*, 4 F.3d 1313, 1323 n.23 (5th Cir. 1993) (stating that district courts "have authority to grant a broad spectrum of sanctions" under Rule 37(b), and "neither this Court nor the Supreme Court has ever determined that the lack of willful, contumacious, or prolonged misconduct prohibits all sanctions")).